IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

George Hairston, Jr.,                                 Case No. 3:09CV416

        Plaintiff

        v.                                             ORDER

UAW Region 2-B, et al.,

        Defendants

        This is a fair representation suit by a union member against his union and two of its officers. Pro se plaintiff George Hairston, Jr., a member of UAW Local 1623, alleges that defendants UAW Region 2-B [UAW], Director Lloyd Mahaffey and Assistant Regional Director Kenneth J. Lortz breached their duty of "fair representation" when they declined to pursue grievances against the plaintiff's employer, Armstrong Air Conditioning [Armstrong].

        Jurisdiction is proper under 28 U.S.C. §§ 1331, 1441 and 1446 et seq.

        Pending are defendants' motions for summary judgment [Doc. 10] and sanctions [Doc. 9]. For the reasons discussed below, defendants' motions are granted.

**Background**

        Armstrong employed Hairston in Bellevue, Ohio. Armstrong, however, fired Hairston on Oct. 1, 2002. After Hairston filed a grievance challenging his discharge, Armstrong reinstated him in May 2004. Armstrong paid Hairston the gross sum of $46,008.72 in back pay.

        Following reinstatement, Hairston filed two additional grievances against Armstrong. Grievance 53-05 [Vacation Grievance], filed in July, 2005, challenged the amount of vacation pay

he received in the year before his reinstatement. Hairston's complaint alleged that he should receive an additional $3,606.64, the contractual vacation pay to which he would have been entitled during the period he was discharged. UAW negotiated a settlement with Armstrong in the amount of $1,206.96.

Grievance 57-05 [Co-payment Grievance] alleged that Armstrong should compensate Hairston $510.00 for co-payments made while visiting his doctor to obtain the note necessary to excuse his absence from work. After Hairston filed the Co-payment Grievance with UAW, Assistant Regional Director Lortz withdrew it from the grievance procedure, claiming that it lacked merit. In a letter dated April 4, 2007 [April 4 letter], Lortz confirmed that the Vacation Grievance had been settled. The letter further stated that the Co-payment Grievance had been withdrawn from the grievance procedure. Hairston confirmed receipt of the April 4 letter in his reply letter, dated April 20, 2007 [April 20 letter].

Hairston then filed this suit. UAW notified Hairston on June 12, 2009, that he should appear for a deposition on June 16, 2009. The notification stated that if he could not attend, he should alert UAW's counsel. Hairston neither attended the deposition nor notified UAW's counsel of his unavailability. Hairston further claimed that it was UAW's responsibility to contact him regarding his availability.

On June 19, 2009, Hairston sent UAW an email indicating that he had been unable to attend the deposition for medical reasons, and that he meant to call "but it completely slipped [his] mind." [Doc. 10-2]. In response, UAW filed a motion for sanctions under Rules 30(g) [Rule 30(g)] and 37(d) [Rule 37(d)] of the Federal Rules of Civil Procedure for the cost of the court reporter, deposition transcript and attorney's fees.

**Standard of Review**

A moving party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 if the nonmoving party fails to show the existence of an essential element for which the nonmoving party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986).

The moving party must initially show the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party does so, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, a court accepts the nonmoving party's evidence as true and construes all evidence in the light most favorable to the nonmoving party. *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992).

The allegations of a complaint drafted by a pro se litigant will be "liberally construed." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

**Discussion**

**1. Defendants' Motion for Summary Judgment**

Hairston alleges that defendant breached its duty of fair representation by: 1) failing to pursue the Co-payment Grievance; and 2) settling the Vacation Grievance for only $1,206.96.

A union breaches its duty of fair representation when its conduct towards a member is "arbitrary, discriminatory, or in bad faith," *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). This can occur

when it dismisses a meritorious grievance or processes such grievance in a "perfunctory fashion." *Id*. at 194; *see also Ruzicka v. Gen. Motors Corp*., 523 F.2d 306, 310 (6th Cir. 1975).

The union nonetheless has discretion to evaluate the merits of specific grievances. *See Ruzicka, supra*, 523 F.2d at 310. "In administering the grievance and arbitration machinery as statutory agent of the employees, a union must, in good faith and in a non-arbitrary manner, make decisions as to the merits of particular grievances." *Vaca, supra*, 386 U.S. at 194.

The duty of fair representation does not require a union to pursue every available procedure demanded by a union member, *id*. at 190. "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside the wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotations and citations omitted). A showing of "substantial evidence of fraud, deceitful action or dishonest conduct" is also sufficient. *See Humphrey v. Moore*, 375 U.S. 335, 348 (1964).

### A. Statute of Limitations

The UAW alleges that Hairston's claims are barred by the applicable statute of limitations.

Duty of fair representation claims have a six-month statute of limitations. *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983). The statute of limitations begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered the acts constituting the alleged violation." *Fox v. Parker Hannifin Corp*., 914 F. 2d 795, 803 (6th Cir. 1990); *see also Dozier v. Trans World Airlines*, 760 F.2d 849, 851 (7th Cir. 1985); *Reynolds v. United Steelworkers*, 990 F. Supp. 949, 951-52 (N.D. Ohio 1996).

In this case, Assistant Regional Director Lortz told Hairston in the April 4 letter that the UAW had addressed his grievances and would not take further action. Hairston received notice of UAW's action no later than April 20, 2007. At that point, he referenced the April 4 letter in his April 20 letter. At that time, the statutes of limitations began to run on the current claims.

Based on the six-month statute of limitations, Hairston had to file the current claims by Oct. 20, 2007. He, however, did not file these claims until Jan. 12, 2009, approximately one year and three months after the statute of limitations had run.

Despite his pro se status, Hairston should not be accorded special considerations under the facts of this case. *See Jourdan*, *supra*, 951 F.2d at 110 (holding pro se status does not cure failure to adhere to readily understood court deadlines); *see also Conner v. U.S. Dep't of the Interior*, 73 F. Supp. 2d 1215, 1217 (D. Nev. 1999).

I therefore find that Hairston's breach of fair representation claims against UAW, Assistant Regional Director Lortz and Director Mahaffey are time-barred. Defendants' motion for summary judgment is thus granted.

### B. Individual Liability on Breach of Fair Representation Claims

Summary judgment is also proper as to Director Mahaffey and Assistant Regional Director Lortz because a fair representation claim does not give rise to individual liability.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, grants federal courts jurisdiction over issues involving collective bargaining agreements. *Textile Workers Union v. Lincoln*, 353 U.S. 448, 450-52 (1957). "Hybrid suits," such as this one, contain an allegation by a union member that both the union and employer breached the collective bargaining agreement, and are properly brought under § 301. *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559-60 (6th

5

Cir. 1990). Mere inference that the employer has breached the agreement is sufficient to bring a "hybrid" suit. *Textile Workers, supra*, 353 U.S. at 448.

Section 301 does not provide for actions against individuals working for the union. *N.W. Ohio Admins., Inc. v. Walcher & Fox, Inc*., 270 F.3d 1018, 1032 (6th Cir. 2001); *see also Republic Steel Corp. v. United Mine Workers*, 570 F.2d 467, 478 (3d Cir. 1978); *Reynolds v. Ferro Corp.*, 2006 WL 2549390, *7 (N.D. Ohio). Summary judgment as to the claims against the individual defendants is thus proper on this ground as well as that of the statute of limitations.

### 2. Defendants' Motion for Sanctions

Defendants request sanctions under Fed. R. Civ. P. 30(g) and 37(d) because of Hairston's failure to appear for his deposition without notifying defendants in advance of his unavailability. Defendants ask for sanctions in the amount of for $220 for the cost of the court reporter, deposition transcript and attorney's fees.

Under Fed. R. Civ. P. 30(g), a party may recover "reasonable expenses" for attending a deposition if "if the noticing party failed to attend." Because UAW was the noticing party and did not fail to attend, Fed. R. Civ. P. 30(g) does not apply.

Under Fed. R. Civ. P. 37(d)(1)(A), a court may sanction a party who fails to appear for the taking of his properly noticed deposition. If a court determines that sanctions are proper, the court may, "[i]nstead of or in addition to these sanctions, . . . require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award or expenses unjust." Fed. R. Civ. P. 37(d)(3).

I find that Hairston's failure to attend his own deposition or to notify defendants in a timely fashion prior to the deposition of his unavailability merits sanctions. I find that his failure to do so was not justified, and that no other circumstances make such expenses unjust. Hairston had a duty to alert defendants in a timely manner that he would not be able to attend. Because Hairston failed to fulfill his obligation, defendants incurred costs.

Hairston's pro se status does not insulate him from sanctions for failing to attend his own deposition. *See Cross v. Village of Cooperstown*, 2007 WL 3254269, *3-5 (N.D.N.Y.).

Defendants do not ask for, and I do not hold, that sanctions above the costs defendants requested of $220.00 are required. I therefore grant defendants' motion for sanctions and order Hairston to pay defendants $220.00.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendants' motions for summary judgment and sanctions are granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
